May it please the Court, my name is Colin Fahm and I represent Robert Revels and I would like to reserve three minutes for a rebuttal, Your Honor. I'd like to focus on two issues with the Court's permission, primarily the acceptance issue because of the unique facts that were involved in that denial of the reduction to Mr. Revels. And also spend a few minutes clarifying some of the errors in the government's arguments regarding the sufficiency of the evidence for the lesser included count that was ultimately the count of conviction. Now, Your Honor, it's our position, and I think the law quite clearly supports this, that Mr. Revels is entitled to the two-level decrease for acceptance of responsibility. I couldn't see it. I know that... Thank you, Judge. So I'd like you to deal with why I couldn't see it. Well, Your Honor, I think there are three... Let me ask my question. Oh, I'm sorry. I know that the guideline does not say that if you go to trial you lose the two points. You can get the two points if you go to trial. And I think the way it's worded is rare circumstances, and the example they give in the notes is where there's no dispute about what acts were committed, but there is a dispute about whether they amount to a crime. In this case, it looks as though there was a dispute about what acts were committed. As far as Revels' defense is concerned, he's just a fellow walking across a bridge in his basketball shorts and jersey, and the question was whether he could be tied to the bank robbery. So why can't the judge in his... I don't think it's discretion, I think it's a finding of fact, clearly erroneous review, to conclude that Revels was not admitting responsibility. Well, Your Honor, the guidelines do refer to those rare instances, and I do believe this is one of them. During the trial court even noted during the sensing phase that Mr. Revels had raised a legitimate defense and was ultimately acquitted of really the only count that was blocking a pretrial resolution of his case. No, I agree with you. His argument that has strength is that what he wound up getting convicted of is what he was willing to plead to, but that doesn't strike me as the same thing. My thinking was that his willingness to plead is to avoid the risk of getting convicted of being the guy that went into the bank with the gun. He didn't choose to either do that. If he'd gotten the deal, he would have avoided the risk, but it would have cost the government the possibility of convicting him of being the guy that went into the bank with the gun. Instead, he gambled on it and halfway lost. Your Honor, I think it's the government that took the go-for-broke position here. Our position throughout, and I think it is borne out by the trial judge's verdict, was that Mr. Revels was not the armed robber. I'm not aware of any authority that says you're entitled to the two points if all you get convicted of is the lesser included that you're willing to plead to. Your Honor, there's nothing directly on point, although this Court has said that and the commentary into the guidelines themselves, 3E1.1, says that one of the things you look at in order not to put the defendant in the position of having to forfeit their trial rights is their pretrial conduct in terms of whether acceptance is still appropriate. The plea is significant in that. The fact that he is ultimately acquitted of the only count that we were disputing pretrial as an impediment to the plea is also significant. Isn't it significant, Counselor, that the District Court considered all the objections and did not rest its decision on impermissible factors? We believe he did, Your Honor. Well, what impermissible factor did he rely on? Well, Your Honor, part of the problem is that the reason... To answer my question, what is the impermissible factor on which the Court relied? As far as the record indicates what his reasons were at all, it appears that it was linked to Mr. Revels choosing to exercise his right to trial. Well, that isn't exactly true because the District Court said, neither can I find he is entitled to acceptance of responsibility. While I can say through his presentation of a serious defense he all but admitted involvement, this does not rise to the level of acceptance. He must clearly demonstrate acceptance. This he has not done. So he was suggesting that, no, he did not admit his involvement. He all but admitted, but he didn't. And then he went on to look at what other objections there were. I guess I'm having a tough time considering on a clear air factual determination why I should buy your argument. Well, Your Honor, the problem is that when you look at everything that happened at the sentencing, the PSR indicated that Mr. Revels had clearly demonstrated acceptance. The trial court itself indicated that Mr. Revels' statement of acceptance remorse was, quote, inspirational. He had no issues regarding his credibility on that. And then he said, while I can say through his presentation he all but admitted, but that doesn't make it. All but admit is not enough. He must clearly demonstrate, and this he has not done. But, Your Honor, the only way he did not clearly demonstrate, by process of elimination, if you're talking about what the PSR found, what the judge said about Mr. Revels' statement at sentencing, the only thing that is left is his presentation of a serious defense. That remark links the denial, as far as we can tell from this unclear record, directly to the fact that he went to trial, which is inappropriate. It's a misapprehension of the law to rely on that. Are you contesting that the defendant put the government to the test or to its burden by contesting material, factual matters in this case? Oh, Your Honor, it was the government that put this case to the test. Now, once they went to trial, our position was ultimately that what was... So your position is the government's got to accept everything you suggest and take what you will agree to, and if it does that, then you have acceptance of responsibility, even though it doesn't want to get there. Well, Your Honor, the problem is the government went to trial and it lost on the only count that was contested. We were willing to plead guilty to the count that Mr. Revels was ultimately convicted on. There is nothing more that Mr. Revels could do. He could not have entered a plea to that count prior to trial without the government withdrawing the higher count. So we were procedurally blocked from doing that but for the government's insistence on taking the case to trial. Well, isn't it the case, though, that there was nothing bad faith about the government seeking to have an inference drawn that he was the actual person who went into the bank, and conceivably the judge might have even found by a preponderance, though not beyond reasonable doubt, that he was? Well, but the judge didn't, very clearly, because he said there were three possible... That's true. That's true. And in addition, Your Honor, if I may just answer your preliminary part of the question, it's not a question of the government's bad faith. Quite frankly, if you pushed my position, if I had a chance to argue it, I would think they should have aborted the third acceptance point, because the only reason under the guidelines that the third point is denied is if the defendant fails to notify the court and the government prior to trial and forces them to trial. He did try to want to enter a plea here. I don't want to use up all your time on this, but let me just get two legal points clear. The first is, if I understand your answers, you have not found authority that said that a judge erred by denying acceptance where a defendant was willing to plead to the offense the lesser included he was ultimately convicted of. No, that's a novel aspect of this case, Your Honor. The second point of law is I think you conceded as sub salientio that our review is for clear error rather than abuse of discretion. No, Your Honor. What we maintained, and I think it's in our reply, is also if the trial court misapprehended the law, and we believe he did by making the only linkage we can see in terms of denial to the apparent raising of a defense at trial, that is under Cortez, a de novo review by this court. If we were simply raising the... What is the error of law as opposed to the... Misapprehension of law, correct, Your Honor. Because under Moorbacher, the court cannot deny acceptance based on exercising the right to trial. That's 182 F. 301052. And if I may add, Your Honor, this court has consistently remanded for resentencing on the acceptance issue when it is unclear if the linkage, if the denial was linked to an exercise of a constitutional right. It lines 4 through 10 of ER44, and I don't see where the judge said, well, I can't give him the two points because he went to trial. Well, then, Your Honor, I hate to answer with a control question. Do you know why I cannot tell from this record why he denied it? When, Miss, he made what was called an inspirational statement, according to the court. Usually, I think we have published decisions that say we assume the judge knows the law unless he makes remarks that show the contrary. No, Your Honor. I think under Cortez and Ochoa-Gayton, which are cited in our briefs, the court has consistently remanded if the basis for which the trial court denied acceptance is unclear and may, may, not clearly, but may be premised on the exercise of a constitutional right, like the right to trial. You say Cortez says that? 299 F. 301039. Is that what you're saying? We're saying it stands to that proposition, Your Honor. Yes, correct. Remarkable. Well, Your Honor, and Ochoa-Gayton is what I also refer the court to. If the reasons are unclear, a remand is appropriate. So you are suggesting that the burden is on the government to show that the judge erred as a matter of law in order for your client? Whose burden is it? It's the burden is on the trial court to make a clear declaration of reasons why the denial. It's the trial court's burden. Should the judge have counsel here to argue that? Well, no, Your Honor, it's the trial court's burden at the time of denying the acceptance reduction to make a clear statement of reasons on the record why the denial was made. And then it's your burden to come forward, correct, and suggest they didn't? Which we have, Your Honor. That's why we're here today. Well, I guess that's what you're arguing. I'm just trying to make sure I get this right. You're not really saying it's the government's burden. No, not at all. The trial court clearly has the burden of making a clear statement of reasons that will allow for appellate review and allow this court to determine whether or not, if the reasons are otherwise unclear, which they are in this record, that the court did not link the denial to a misapprehension of law, which in this case would be the denial based on exercising the right of the trial. If I recall correctly, it's ER-33. You're saying that what the court said there is the basis of your exception, that you think the court got the law wrong. ER-44, correct, Your Honor. Is the only statement of reasons that I'm finding. Not 33? No, I believe Your Honor also referenced 44 just a few minutes ago. I don't think he did. I think that's the correct citation, Your Honor. What I have here at 33 is, while I can say through his presentation of a serious defense he all but admitted involvement, this does not rise to the level of acceptance of responsibility. Guideline 3E1.1A provides that a defendant to qualify must clearly demonstrate acceptance of responsibility for his offense. This he has not done. But on what basis, Your Honor? That is a question that is begged by that. So is it your point that it is the court's constitutional responsibility to clearly spell out its decision for denying the reduction here? Your Honor, it's not a constitutional responsibility. It's a responsibility this Court has set in terms of the appropriate standards for review of an acceptance. I'll refer you to Collins at 684 F3rd at 887. This Court has, again, remanded when the reasons for a denial of an adjustment are unclear. Now, Your Honor, I'm not just going by this statement. I can't read it the way you do, where Cortez quotes the defendant in the case, or quotes the judge in that case, rather. The judge says, I also find there's a legal issue. And then we say it appears that the district court may have believed as a matter of law that Cortez was ineligible for the reduction. So that's what I'm looking for, ER44, and I don't see it. Well, Your Honor, what I want to say is that you have to read that in conjunction with the other statements of the Court and what else is on the record. When the trial court has said that Mr. Revels has made an inspirational statement of responsibility in his letter, when the PSR has recommended an acceptance of judgment. Inspirational actually strikes me as not meaning very much. Well, Your Honor, he clearly did not doubt Mr. Revels' credibility or remorse, if you read that. Being sorry after you get convicted is different from being sorry you ever got into this before you had to pay the consequences. Which would lead us back to the fact that he attempted to accept responsibility prior to the trial by offering to enter a plea that was rejected by the government. That's not inspirational. It's metaphysical. But you may want to save the balance of your time. Thank you, Your Honor. I think I only have about 41 seconds. Okay, very good. Okay, thank you. We'll hear from the government. Good morning, Your Honors. May it please the Court. My name is Michael Morgan. I represent the United States in this appeal. Unless the Court has questions on any of the other issues, I will limit my presentation to the acceptance question, because that seems to be the only question. I have a question on the sufficiency. Sure, Your Honor. The theory, I know at trial the government was trying to sell the theory that this fellow was the one who went into the bank. Yes. Do I understand your theory correctly for how he gets convicted on the lesser included? My understanding is we don't know if he's the fellow that went into the bank, beyond a reasonable doubt. We don't know beyond a reasonable doubt whether he even knew that a gun would be used in the bank. But we do know that he participated in a quick change. The judge could conclude beyond a reasonable doubt that he was one of the band of robbers. He did a quick change by stripping off the clothes that he wore to the robbery, leaving on his basketball shorts and shirt, much as when people go to the beach, wear a bathing suit under their clothes, and left the ski mask that had his DNA, showing that either he was the guy who wore it into the bank, or he was the guy who had worn it before and loaned it to the guy that went into the bank. And that's enough for the lesser included. Do I have your theory right? That is the theory that the district court adopted. And I think that while it certainly wasn't the government's view of the evidence, I think that on a sufficient level. I don't care about the government's view. I completely understand, Your Honor. It's the judge's. I understand. And I think that the evidence could be reasonably viewed, as the district court did, to support precisely that theory. You have – it was pretty much uncontested that there was a getaway car used for this robbery. It's the only way to account for the distance between where Mr. Rebels is found and the bank where the robbery took place, about two and a half miles. He's found ten minutes after the robbery. He couldn't have covered that distance on foot. He is seen in the same vicinity as a maroon car with two other African American males. I guess the evidence supporting the lesser included theory he was convicted of is he's found with the loot. It's hard to see why anyone would give him the loot or throw it away. And while the distance cuts against you, it means it also cuts in a way for you because it shows he must have been driven. He couldn't have gotten there that fast. Exactly, Your Honor. I mean, if I was going to bullet point the evidence, it's there's the getaway car, there's the two other accomplices in the getaway car, there's the DNA on the ski mask which matches Mr. Rebels, which also coincidentally happens to have the gun wrapped inside the ski mask. There is, and perhaps most telling, is the fact that he is caught red-handed with the proceeds of the bank robbery. And it's just inconceivable that there's any innocent explanation for his possession of, you know, $8,000 that's been stolen ten minutes earlier. And just to gild the lily, the defendant proceeds to offer not one, not two, but three explanations for how he got that money. That is not the conduct of an innocent man. So taking all that together, at a minimum, the district court could find, as it did, that Mr. Rebels aided and abetted a bank robbery, may not have known that a gun was going to be used, so therefore is guilty of aiding and abetting an unarmed bank robbery, which is a lesser included. The evidence can be parsed in that fashion. As far as the two-point reduction, can all of that evidence be taken into account by the district court in making its determination of acceptance of responsibility? It certainly can, Your Honor. And I would point out that in this context, when the defendant puts the government to its burden, which he has every right to do, and he then seeks to gain the two points for acceptance, this Court's precedents make clear that he's got to – he, the defendant, has to show the acceptance by his pretrial conduct. His pretrial conduct consisted of denying involvement three times, and then on the eve of trial, offering to plead guilty to a lesser included offense, which, as the Court recognized, in that context is not clear acceptance of responsibility. It's an effort to hedge his bets. We have solid authority that the showing of acceptance has to be pretrial? Yes. That's the Court's decision in Martinez-Martinez, which is cited in the government's briefs. It's 369 Fed Third 1077, I believe. But, yes, in that case, the Court clearly held that when you go to trial, you have to rely on your pretrial conduct. And if you actually go look at all the cases where the Court has, you know, granted a two-point acceptance after the defendant has proceeded to trial, it is always a circumstance where he's offered to cooperate prior to, you know, prior to going to trial. He's offered to plead guilty to the charge in the indictment, not some lesser included charge. It's circumstances like that where that's the rare case. It's not the rare case where you go to trial, say, I didn't do it, get convicted, and then decide, oh, I'd like acceptance. And there's certainly no reason to remand this case. The district court was quite clear. And there's some confusion about the proper cite. It's actually, I think, it's ER 33 because it's a corrected portion of the transcript. But the Court said that you came close to admitting all the elements of the crime, but you didn't quite do that. And at a minimum, acceptance requires admitting the elements of the crime you're convicted of. The Court found the defendant never did that prior to trial. And that, on clear error review, that finding has to be affirmed. I should also just point out one about a remand for acceptance. At this stage of the game, that would be pointless. The defendant has appealed. He is still contesting the sufficiency of the evidence of the crime he's been convicted of. That is not acceptance. If we were to remand this case, the Court would summarily deny this two-point reduction. And the Court is perfectly entitled to take into account Mr. Revell's conduct in taking this appeal, which, again, he has every right to do. But you don't get to take an appeal, still continue to say I'm innocent, and then turn around and say I'm entitled to acceptance. I wonder if I could shift your focus, Mr. Morgan, for just one minute. One of the contentions of the defendant was that the police had no probable cause to stop and search him. The best I can tell, we have no Ninth Circuit precedent on the issue of whether tracking data can be used alone as a basis for stopping. As, of course, we all know, the money that they took had a tracker concealed in it, and that was used as one of the bases for locating him. Does the government have any views on that, whether that is sufficient, whether if we agree with the government, whether that should be published, or what is its view? Well, I do think that the government has a view on that. I think that, you know, there was the District Court found as a factual matter that the tracking system at issue in this case is reliable. And I don't really see the defense as contesting the reliability of the tracking system per se. I know that they're contesting the reliability of some of the individual trackers, but the court found factually that the tracking system is reliable. Is that as a matter of law enough? I think it is, Your Honor. No probable cause for stopping? I think it is, Your Honor. And for the reasons that the Fifth Circuit has articulated, if a trained dog, Sniff, can give rise to probable cause, then certainly a radio beacon can give rise to probable cause. In fact, I would suggest that, you know, a radio beacon being a matter of physics is probably more reliable than a dog sniff. Sure, but you're really not limited to that in this particular case, are you? We aren't. The District Court said two things. The District Court said, well, I find this tracking system to be reliable, and I think that's probable cause. But you had the tracking system plus the fact that Mr. Rebels matched the general description. And we're certainly not saying that general description would be enough for probable cause. But it's certainly enough taken into account. He's the only person in the area, correct? He's the only person in the area. All we have on the description is he's a black guy between, I don't know, 5'7 and 6'1, I think it was. It's not a very specific description, but it's specific. His color, and we don't really know his height. I mean, a 5'7 guy is a little shorter than average, and a 6'1 guy is taller than average. I think the description in the suppression record on him was 5'7 to 6'5. But I take Your Honor's point. I'm simply saying, and we would never be arguing that that description alone would be a basis for any type of a stop. But when you've got the tracking system, tracking signal that's pointing directly at Mr. Rebels by the officers that made the stop and arrest, and you take into account that he matches the general description, so therefore they've got no reason to think at all that their tracker is in any way unreliable. Well, matching the general description is not quite what they had. He was the only one in the area as well. Well, there's that too, Your Honor. Clothes were not the same, but he could have changed clothes. And besides, you couldn't see the clothes that were under his sweater, right? During the robbery, that's correct, yes. And the clothes were suspicious that he had them on when it was cold, when it wasn't anyway because of the cold, the temperature difference. Yes, all of those factors certainly heightened everyone's suspicion. But, I mean, to take Your Honor's point, I mean, yes, the tracker alone is enough, but you wouldn't necessarily have to go there in this case. No, I understand. I'm just saying that were the court to agree with the government, would it be appropriate to have a precedent finding that a tracking device is sufficient in and of itself to constitute probable cause to stop and search someone? In the government's view, the answer to that question is yes. It wouldn't be yes in all circumstances. What did I mean? If you'd had a crowd walking across the bridge or a bunch of people standing around, I'm not sure that the tracking pointer would be any good. I think that's probably right, Your Honor. And I think when I say yes, I mean, sure, if you've got the tracker pointing to a crowd of 50 people, you're not going to stop all 50 people. Or three. That's closer. That would be 33 percent. That's pretty close to probable cause. It's certainly plenty for reasonable suspicion. Certainly plenty for reasonable suspicion. But on the facts of this case, tracker plus one person, I think, is probable cause. If the Court has no further questions. Thank you. I'd ask you to withdraw. Thank you very much. Your Honor, unfortunately, I did not get into the deficiency argument. I'm going to ask the Court to get into the weeds with that on the record. First of all, the fact that counsel is now challenging whether the government at trial met its legal burden is an entirely different question. It's apples and oranges from Mr. Revels' acceptance and his acceptance. Is it your position, counsel, that the fact that Mr. Revels raised pretrial a lot of different issues to try to exculpate himself is irrelevant in the Court's consideration of whether there was, in fact, acceptance or responsibility? Acceptance is never contingent upon choosing to exercise your constitutional rights, which in terms of suppression is. But if he doesn't admit pretrial, the elements of his crime, are you saying that that is irrelevant to the Court's determination of whether he has. No, it's totally relevant because he tried to admit the elements of the only crime he was convicted of, the unarmed. And, Your Honor, just in terms of the sufficiency, our position is you cannot, without making what's called an inferential leap, distinguish between the accessory after the fact and what he's convicted of. And I am out of time, Your Honor. I'm going to leave. Thank you very much. Thank you both for your argument. It's been very helpful. We appreciate it. The case just argued is submitted.
judges: Kleinfeld, Smith, Smith